Case 1:06-cv-11719-WGY   Document 1   Filed 09/22/06   Page 1 of 16

RECEIPT # 75257
AMOUNT $ 350.00
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ✓
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. CMG
DATE 9-22-06

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT J. THRELFALL,<br>on behalf of himself and all others<br>similarly situated,<br>      Plaintiff<br><br>v.<br><br>WILSON CONSOLIDATION SERVICES, INC.,<br>And FRANK JOHNSON,<br>      Defendants | F I L E D<br>Clerk's Office<br>USDC, Mass.<br>Date 9-22-06<br>By CMG<br>Deputy Clerk<br><br>Civil Action No.<br>06 CA 11719 MLW<br><br><br>MAGISTRATE JUDGE Alexander |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Robert J. Threlfall brings this action as a result of conduct engaged in by defendants in attempting to collect an alleged consumer debt, which conduct violated the Fair Debt Collection Practices Act ("FDCPA") and G.L. c. 93A, the Massachusetts Consumer Protection Act. Plaintiff asserts both individual and class claims for relief seeking actual and statutory damages, costs, and reasonable counsel fees.

### Parties

1. Plaintiff Robert J. Threlfall is an individual who at all times relevant to this complaint has resided in

2. Defendant Wilson Consolidation Services, Inc. ("WCS") is a Massachusetts corporation having a principal place of business in Lakeville, Massachusetts. At all times relevant to this complaint, WCS was engaged in trade or commerce.

3. Defendant Frank Johnson ("Johnson") is an individual who at relevant times was employed as a collector by WCS. On information and belief, the name "Frank Johnson" may be an alias in part or in whole.

### Jurisdiction and Venue

4. Certain of plaintiff's claims arise under 15 U.S.C. §1692 *et seq.* and this Court therefore has subject matter jurisdiction over said claims pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1337. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear and adjudicate plaintiff's claims arising under state law.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### Statement of Facts

6. WCS is a "debt collector" within the scope of 15 U.S.C. §1692a(6) and 209 CMR 18.02 in that it uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of any consumer debts, and/or regularly collects or attempts to collect, directly or indirectly, consumer debts owed or due or asserted to be owed or due another.

7. On July 6, 2006, Johnson left a phone message for plaintiff asking to speak to plaintiff about a "legal matter."

8. Plaintiff returned the call and spoke to Johnson. Johnson told plaintiff that WCS was attempting to collect a $2,000 debt which plaintiff owed to the Rockland Credit Union. Plaintiff responded that he did not owe or even remember such an obligation. Johnson replied that unless plaintiff paid the debt immediately he would be sued and the debt reported to credit bureaus. When plaintiff then asked Johnson to provide some proof of

the debt, Johnson responded in a rude and angry tone: "That's not the way it works. I'm in charge here."

9. Plaintiff then asked to speak to a manager and was connected to a woman who identified herself as "Amy Smith." Plaintiff explained to Smith that he simply wanted some information about the alleged debt. Smith stated that she would look into it.

10. Later the same day, WCS faxed a letter to plaintiff at his place of business. The letter stated in pertinent part that WCS would accept a settlement for less than full value of the alleged debt provided it was paid by July 15, 2006, and further stated: "[t]his account will be removed from all three major credit reports upon successful clearance of your check."

11. On July 11, 2006, plaintiff received a letter in the mail from WCS at his place of business. It bore the same date as the first letter – July 6, 2006. This letter did not refer to any settlement offer, instead stating to the contrary: "Please mail the full balance to avoid any further action."

## Individual Claims for Relief

### COUNT I

### (The Johnson Phone Message - Violation of 15 U.S.C. §1692e)

12. The allegations of paragraphs 1 – 11 are incorporated herein as if fully set forth.

13. The phone message left by Johnson referring to a "legal matter" was false, misleading, and deceptive in violation of 15 U.S.C. §1692e since no suit on the alleged debt had been filed and none was imminent.

14. As a result of said conduct, plaintiff suffered anxiety and distress.

3

WHEREFORE, plaintiff prays that this Honorable Court enter judgment against WCS and Johnson, jointly and severally, awarding him actual damages; statutory damages; interest, costs and reasonable attorney's fees.

## COUNT II

### (The Johnson Phone Message – Violation of G.L. c. 93A)

15. The allegations of paragraphs 1 – 14 are incorporated herein as if fully set forth.

16. The phone message left by Johnson referring to a "legal matter" was unfair and deceptive in violation of G.L. c. 93A, section 2.

17. As a result of said conduct, plaintiff suffered anxiety and distress.

18. Said unlawful conduct was willful and knowing in nature.

19. On July 13, 2006, plaintiff sent to WCS via certified mail, receipt requested, a demand for relief pursuant to G.L. c. 93A, section 9 which reasonably described the unlawful conduct complained of and injuries suffered.

20. WCS received plaintiff's demand letter on July 14, 2006.

21. WCS did not make a reasonable written tender of settlement within 30 days of receipt of plaintiff's demand letter.

22. The failure of WCS to make a timely and reasonable written tender of settlement was in bad faith with knowledge or reason to know that its conduct violated G.L. c. 93A.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment against WCS awarding him actual damages or twenty-five dollars, whichever is greater; doubling or trebling the actual damages awarded; and awarding interest, costs, and reasonable attorney's fees.

## COUNT III

### (The Johnson Phone Call – Violations of 15 U.S.C. §1692e)

23. The allegations of paragraphs 1 – 22 are incorporated herein as if fully set forth.

24. When Johnson told plaintiff he would be sued if he did not pay the alleged debt, no decision had in fact been made on taking legal action. In addition, on information and belief WCS does not bring collection lawsuits against consumer debtors. Said conduct was therefore false, deceptive, and misleading in violation of 15 U.S.C. §1692e.

25. Johnson's statement to plaintiff that the account would be reported to credit bureaus was false, misleading, and deceptive in violation of 15 U.S.C. §1692e since Massachusetts law prohibits debt collectors from reporting in their own names and, on information and belief, WCS had not been authorized to report in the name of the creditor.

26. Johnson's refusal to acknowledge plaintiff's right to verification of the alleged debt was false, misleading and deceptive in violation of 15 U.S.C. §1692e.

27. As a result of said conduct, plaintiff suffered anxiety and distress.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment against WCS and Johnson, jointly and severally, awarding him actual damages, statutory damages, interest, costs, and attorney's fees.

## COUNT IV

### (The Johnson Phone Call – Violations of G.L. c. 93A)

28. The allegations of paragraphs 1 – 27 are incorporated herein as if fully set forth.

29. The afore-described statements made by Johnson were unfair and deceptive in violation of G.L. c. 93A, section 2.

30. As a result of said conduct, plaintiff suffered anxiety and distress.

31. Johnson's unlawful conduct was willful and knowing in nature.

32. On July 13, 2006, plaintiff sent to WCS via certified mail, receipt requested, a demand for relief pursuant to G.L. c. 93A, section 9 which reasonably described the unlawful conduct complained of and injuries suffered.

33. WCS received plaintiff's demand letter on July 14, 2006.

34. WCS did not make a reasonable written tender of settlement within 30 days of receipt of plaintiff's demand letter.

35. The failure of WCS to make a timely and reasonable written tender of settlement was in bad faith with knowledge or reason to know that its conduct violated G.L. c. 93A.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment against WCS awarding him actual damages or twenty-five dollars, whichever is greater; doubling or trebling the actual damages awarded; and awarding interest, costs, and reasonable attorney's fees.

## COUNT V

### (The Johnson Phone Call – Violation of 15 U.S.C. §1692f)

36. The allegations of paragraphs 1 -35 are incorporated herein as if fully set forth.

37. Johnson's rude and angry statement to plaintiff that "That's not the way it works. I'm in charge here" constituted conduct the natural consequence of which was to abuse and harass the plaintiff in violation of 15 U.S.C. §1692f.

38. As a result of said conduct, plaintiff suffered anxiety and distress.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment against WCS and Johnson, jointly and severally, awarding him actual damages; statutory damages; interest, costs, and attorney's fees.

## COUNT VI

### (The Johnson Phone Call – Violation of G.L. c. 93A)

39. The allegations of paragraphs 1 – 38 are incorporated herein as if fully set forth.

40. Johnson's statement constituted conduct the natural consequence of which was to abuse or harass the plaintiff and thus violated 209 CMR 18.15 and G.L. c. 93A, §2.

41. As a result of said conduct, plaintiff suffered anxiety and distress.

42. Said unlawful conduct was willful and knowing in nature.

43. On July 13, 2006, plaintiff sent to WCS via certified mail, receipt requested, a demand for relief pursuant to G.L. c. 93A, section 9 which reasonably described the unlawful conduct complained of and injuries suffered.

44. WCS received plaintiff's demand letter on July 14, 2006.

45. WCS did not make a reasonable written tender of settlement within 30 days of receipt of plaintiff's demand letter.

46. The failure of WCS to make a timely and reasonable written tender of settlement was in bad faith with knowledge or reason to know that its conduct violated G.L. c. 93A.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment against WCS awarding him actual damages or twenty-five dollars, whichever is greater; doubling or trebling the actual damages awarded; and awarding interest, costs, and reasonable attorney's fees.

## COUNT VII

### (The Second July 6 Letter – Violation of 15 U.S.C. 1692e)

47. The allegations of paragraphs 1 – 46 are incorporated herein as if fully set forth.

48. The letter of July 6, 2006 mailed to plaintiff by WCS was false, misleading, and deceptive in demanding full payment when the letter faxed to him on July 6, 2006 contained a settlement offer which could be accepted until July 15, 2006.

49. As a result of said conduct, plaintiff suffered anxiety and distress.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment against WCS awarding him actual damages; statutory damages, interest, costs, and attorney's fees.

## COUNT VIII

### (The Second July 6 Letter – Violation of G.L. c. 93A)

50. The allegations of paragraphs 1 – 49 are incorporated herein as if fully set forth.

51. The letter of July 6, 2006 demanded payment in full even though a prior letter contained a settlement offer which could be accepted until July 15, 2006, and thus was unfair and deceptive in violation of G.L. c. 93A, section 2.

52. As a result of said conduct, plaintiff suffered anxiety and distress.

53. Said unlawful conduct was willful and knowing in nature.

54. On July 13, 2006, plaintiff sent to WCS via certified mail, receipt requested, a demand for relief pursuant to G.L. c. 93A, section 9 which reasonably described the unlawful conduct complained of and injuries suffered.

55. WCS received plaintiff's demand letter on July 14, 2006.

56. WCS did not make a reasonable written tender of settlement within 30 days of receipt of plaintiff's demand letter.

57. The failure of WCS to make a timely and reasonable written tender of settlement was in bad faith with knowledge or reason to know that its conduct violated G.L. c. 93A.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment against WCS awarding him actual damages or twenty-five dollars, whichever is greater; doubling or trebling the actual damages awarded; and awarding interest, costs, and reasonable attorney's fees.

## COUNT IX

### (Unlawful Contact – Violation of 15 U.S.C. §1692c

58. The allegations of paragraphs 1 – 11 are incorporated herein as if fully set forth.

59. On July 11, 2006, after receipt of the second July 6 letter from WCS, plaintiff's counsel sent to WCS via fax and first class mail a letter of legal representation which instructed WCS to cease contact with plaintiff.

60. On July 13, 2006, plaintiff sent to WCS via certified mail, receipt requested, a demand for relief pursuant to G.L. c. 93A, section 9 which reasonably described the unlawful conduct complained of and injuries suffered.

61. WCS received plaintiff's demand letter on July 14, 2006.

62. On August 31, 2006, and again on September 4, 2006, WCS called plaintiff regarding the alleged debt even though WCS had been notified of plaintiff's representation by counsel and had been instructed not to contact plaintiff, thus violating 15 U.S.C. §§1692c(c) and (a)(2)

63. In said calls, WCS left messages regarding the alleged debt, referring to it as a "legal matter," thus violating 15 U.S.C. §1692e.

64. As a result of said conduct, plaintiff suffered anxiety and distress.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment against WCS awarding him actual damages; statutory damages, interest costs, and attorney's fees.

## COUNT X

### (Unlicensed Debt Collection – Violation of 15 U.S.C. §1692

65. The allegations of paragraphs 1 – 64 are incorporated herein as if fully set forth.

66. Since February 24, 2004, in order to conduct business in Massachusetts, every "debt collector" as defined by G.L. c. 93, §24 was required to obtain a license from the Commissioner of Banks.

67. At all times relevant to this complaint WCS was engaged in the business of debt collection in Massachusetts, yet at no time was it licensed as required by G.L. c. 93, §24A.

68. The alleged debt which was the subject of the collection actions described in this complaint was obtained primarily for personal, family, or household purposes.

69. The conduct of WCS in attempting to collect the alleged debt without being licensed to do so in the Commonwealth of Massachusetts was false, deceptive, and misleading in violation of 15 U.S.C. §1692e.

70. As a result of said conduct, plaintiff suffered financial harm in the form of fees paid and/or pledged in order to obtain legal counsel, and suffered anxiety and distress.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment against WCS awarding him actual damages; statutory damages, interest costs, and attorney's fees.

## COUNT XI

### (Unlicensed Debt Collection – Violation of G.L. c. 93A)

71. The allegations of paragraphs 1 – 70 are incorporated herein as if fully set forth.

72. The conduct of WCS in attempting to collect the alleged debt from plaintiff without being licensed to do so in the Commonwealth of Massachusetts was unfair and deceptive in violation of G.L. c. 93A, §2.

73. As a result of said conduct, plaintiff suffered financial harm in the form of fees paid and/or pledged in order to be represented by legal counsel.

74. The unlawful conduct of WCS was willful and knowing in nature.

75. On July 13, 2006, plaintiff sent to WCS via certified mail, receipt requested, a demand for relief pursuant to G.L. c. 93A, section 9 which reasonably described the unlawful conduct complained of and injuries suffered.

76. WCS received plaintiff's demand letter on July 14, 2006.

77. WCS did not make a reasonable written tender of settlement within 30 days of receipt of plaintiff's demand letter.

78. The failure of WCS to make a timely and reasonable written tender of settlement was in bad faith with knowledge or reason to know that its conduct violated G.L. c. 93A.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment against WCS awarding him actual damages or twenty-five dollars, whichever is greater; doubling or trebling any actual damages awarded; and awarding interest costs, and attorney's fees.

## Class Action Claims

## COUNT XII

## ("Removal" of Account from Credit Bureaus – 15 U.S.C. §1692e)

79. The allegations of paragraphs 1 – 78 are incorporated herein as if fully set forth.

80. The statement in the first July 6, 2006 letter to plaintiff that upon clearance of plaintiff's check his account "will be removed from all three major credit reports" was false, misleading, and deceptive in violation of 15 U.S.C. §1692e. At the time said letter was sent, plaintiff's account had not been reported to or listed by any "credit bureaus." Moreover, n information and belief, at the time the letter was sent WCS did not know whether the account had been reported to or listed by any credit bureau and, in any event, WCS had no ability or authority to have it "removed."

81. As a result of said conduct, plaintiff suffered anxiety and distress.

## Class Allegations

82. Plaintiff brings this count of the complaint on behalf of himself and all others similarly situated. Class members are all Massachusetts residents who, within one (1) year of the filing of this complaint, were sent one or more letters by WCS in connection with a consumer debt containing the above or substantially similar language, which letter was not returned to sender. Excluded from the class are current and former officers, directors, employees, and agents of WCS. On information and belief, the class is sufficiently numerous such that joinder is impracticable.

83. There are questions of law and fact common to the class, which questions predominate over any questions particular to individual class members. The primary common questions are whether WCS is a debt collector under the FDCPA, whether WCS

had the ability and authority to have class members' accounts "removed" from credit bureaus, and whether the subject language violated the FDCPA.

84. Plaintiff's claim is typical in that it resulted from the same unlawful conduct, and resulted in similar harm, as class members. All class members seek, and are entitled to, similar relief.

85. Plaintiff will fairly and adequately represent the interests of class members. Plaintiff is committed to a thorough and vigorous prosecution of this action, and has selected counsel with substantial experience in consumer class action litigation. Neither plaintiff nor counsel have any conflicts which would interfere with the successful prosecution of this case.

86. A class action is manageable and is a superior method for resolving this controversy, as the claims of most class members are relatively small and thus would be unlikely to be filed as individual actions.

WHEREFORE, plaintiff prays that this Honorable Court :

(i) award plaintiff and class members actual damages;

(ii) award plaintiff and class members statutory damages;

(iii) award plaintiff and class members interest, costs, and attorney's fees;

(iv) award such further relief as shall be just and proper.

### COUNT XII

**("Removal" of Account from Credit Bureaus – Violation of G.L. c. 93A)**

87. The allegations of paragraphs 1 – 86 are incorporated herein as if fully set forth.

88. The false, misleading, and deceptive statement of WCS in the July 6, 2006 letter violated G.L. c. 93A, section 2.

89. As a result of said conduct, plaintiff suffered anxiety and distress.

90. Said unlawful conduct was willful and knowing in nature.

91. On July 13, 2006, plaintiff sent to WCS via certified mail, receipt requested, a demand for relief pursuant to G.L. c. 93A, section 9 which reasonably described the unlawful conduct complained of and injuries suffered.

92. WCS received plaintiff's demand letter on July 14, 2006.

93. WCS did not make a reasonable written tender of settlement within 30 days of receipt of plaintiff's demand letter.

94. The failure of WCS to make a timely and reasonable written tender of settlement was in bad faith with knowledge or reason to know that its conduct violated G.L. c. 93A.

## Class Allegations

95. Plaintiff brings this count of the complaint on behalf of himself and all others similarly situated. Class members are all Massachusetts residents who, within 4 years of the filing of this action, were sent one or more letters by WCS in connection with a consumer debt containing the language described in paragraph 80 (or substantially similar language), which letter was not returned to sender. Excluded from the class are current and former officers, directors, employees, and agents of WCS. On information and belief, the class is sufficiently numerous such that joinder is impracticable.

96. There are questions of law and fact common to the class, which questions predominate over any questions particular to individual class members. The primary common questions are whether WCS was engaged in trade or commerce, whether it had the ability and authority to have class members' accounts "removed" from credit bureaus, and whether the subject language violated chapter 93A, section 2.

97. Plaintiff's claim is typical in that it resulted from the same unlawful conduct, and resulted in similar harm, as class members. All class members seek, and are entitled to, similar relief.

98. Plaintiff will fairly and adequately represent the interests of class members. Plaintiff is committed to a thorough and vigorous prosecution of this action, and has selected counsel with substantial experience in consumer class action litigation. Neither plaintiff nor counsel have any conflicts which would interfere with the successful prosecution of this case.

99. A class action is manageable and is a superior method for resolving this controversy, as the claims of most class members are relatively small and thus would be unlikely to be filed as individual actions.

WHEREFORE, plaintiff prays that this Honorable Court :

(i) preliminarily and permanently enjoin WCS from using the language set forth in paragraph 80, above, or substantially similar language, in any letter or other communication directed to consumer debtors;

(ii) award plaintiff and class members the greater of their actual damages or $25.00 per violation of G.L. c. 93A, §2;

(iii) double or treble all actual damages awarded;

(iv) award plaintiff and class members interest, costs, and attorney's fees;

(v) award such further relief as shall be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff requests trial by jury on all claims.

15

                ROBERT J. THRELFALL
                Plaintiff
                By his attorney:

                _____
                KENNETH D. QUAT
                BBO #408640
                9 Damonmill Square, Suite 4A-4
                Concord MA 01742
                978-369-0848
                ken@quatlaw.com